UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DANA RUNNEBOHM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:15-cv-02042-RLY-MJD |
| ) | |
| BLOOMINGTON POLICE ) | |
| DEPARTMENT, and ) | |
| BLOOMINGTON CITY GOVERNMENT, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON PLAINTIFF'S OBJECTION TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Dana Runnebohm, was formerly employed as an active duty police officer with the Bloomington Police Department ("BPD"). She brought the present action against the BPD and the Bloomington City Government after the City of Bloomington Police Pension Board forced her to take medical retirement for, *inter alia*, post-traumatic stress disorder ("PTSD"). Her Amended Complaint alleges that her forced retirement was the product of disability discrimination in violation of the Americans With Disabilities Act ("ADA") and the Rehabilitation Act and caused her extreme emotional distress. She also brings a promissory estoppel claim, alleging she was promised that if she followed the sick leave policy, she would not lose her job.

On March 17, 2016, Defendants moved to dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted. On July 15, 2016, the Magistrate Judge recommended the court grant in part and deny in part the Defendants'

1

Motion to Dismiss. Specifically, the Magistrate Judge recommended that Plaintiff's ADA and Rehabilitation Act claims be dismissed because the evidence attached to her Amended Complaint established that she was unable to return to work in any capacity. The Magistrate Judge also recommended that the court decline to exercise supplemental jurisdiction over her state law claims and dismiss those claims without prejudice. Plaintiff timely filed an Objection.

## I.     Legal Standard

Pursuant to 28 U.S.C. § 636(b)(1), the court conducts a *de novo* review of the portion of the recommendation to which an objection is made. The court may accept, reject, or modify the recommendations made by the magistrate judge. *See also* Fed. R. Civ. P. 72(b)(3).

## II.    Discussion

Plaintiff's only objection centers on the Magistrate Judge's finding that Plaintiff was unable to perform the essential functions of her job with or without an accommodation. The evidence attached to her Amended Complaint includes doctor's notes from her treating psychologist, Theresa Costello, Ph.D. Her note dated August 20, 2014, stated that Plaintiff became incapacitated and unable to work in July 2014 due to PTSD and her ability to return to work was "unknown." (*See* Filing No. 6-3, Doctor's Note at 20). Her note dated October 2, 2014, stated that Plaintiff was unable to return to work in either a full active duty or temporary limited duty capacity. (*Id.* at 42-43). The evidence also reflected that on October 17, 2014, Plaintiff testified before the Pension Board that she was in a sixteen-week treatment program and that there was no guarantee

she would be able to return to work as a police officer upon conclusion of the program. (Filing No. 6-8, Pension Board's Findings of Fact at 9).  In addition, she conceded that she should not be at work and that the act of walking into the station "made her sick." (*Id.* at 10).

This evidence convinces the court that the Magistrate Judge did not err in finding that Plaintiff was not a qualified individual with a disability who was able to perform her job with or without an accommodation.  *See Weiler v. Household Fin. Corp.*, 101 F.3d 519, 525 (7th Cir. 1996) ("Weiler's own doctor, not [defendant], has concluded she could not perform her job, with or without a reasonable accommodation . . . . [S]he was no longer qualified to do the job, and no accommodation would allow her to do it.").  Accordingly, Plaintiff's Objection is **OVERRULED**.

### III. Conclusion

In conclusion, the court **ADOPTS** the Magistrate Judge's Report and Recommendation and **GRANTS** the Defendants' Motion to Dismiss Plaintiff's ADA and Rehabilitation Act claims, and **GRANTS IN PART** Defendants' Motion to Dismiss Plaintiff's state law claims for negligent infliction of emotional distress and promissory estoppel  (Filing No. 21).  Specifically, the court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and thus, they are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this 26th day of October 2016.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.